**UNITED STATES of America**

**v.**

**Cecilio ALMENDAREZ.**

**Crim. No. L–88–409.**

United States District Court, S.D. Texas, Laredo Division.

Oct. 3, 1988.

Louis Menendez, Asst. Public Defender, Laredo, Tex., for defendant.

Mark Dowd, for the U.S.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is Defendant's motion to suppress. In many respects, the facts of this case are similar to those in *United States*

*v. Heredia,* 677 F.Supp. 895 (S.D.Tex.1987). That case presented a very close call, but this Court felt that the facts in *Heredia* slightly tipped the scales in favor of a legal stop. The factual differences in the instant case, though perhaps seeming minor at first glance, cause the Court to conclude that the scale tips the opposite way.

Here the Government failed to offer any evidence as to traffic patterns on Highway 1017 and more particularly failed to show Agent Sigala's familiarity with those patterns. This is not surprising, since the evidence reflects that Sigala had been a law enforcement officer less than a year and had been stationed in South Texas less than six months. Further this Defendant's vehicle was not licensed out-of-state, although it was also not registered in any county in the immediate area of the stop. Nevertheless, a vehicle with an out-of-county Texas license would be less unusual on a South Texas highway than a vehicle licensed out-of-state. Additionally this stop occurred at approximately 1:00 a.m. rather than sometime between 2:00 to 3:00 a.m. as in *Heredia.* The stop occurred early on a Sunday morning, which means that this vehicle was traveling one hour past midnight on a Saturday night. Late hour traffic on a Saturday night is probably less unusual than on any other night of the week. This vehicle was a Suburban, so that the presence of several persons and the resulting "heavy" ride would again be less questionable than it was in the pickup truck with camper shell in *Heredia.* The fact that the agents could see four persons in the Suburban when viewing it from the side but could only see two heads when following it from the rear is sufficiently ambiguous to prevent that factor from adding much to the calculus.

These are essentially the only facts which justified this stop. The Court concludes that they fall short of the mark. The motion is GRANTED.